UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**ANTHONY THOMAS FOYE,**

    Movant,

v.                                          Case NO. 2:99-cr-00023-01
                                             (Case No. 2:04-cv-00819)

**UNITED STATES OF AMERICA,**

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

By Standing Order, Movant's "Motion for Modification of an Imposed Term of Imprisonment and for Correction of an Unlawful/Illegal Sentence as according to 18 U.S.C. § 3582(c)(1)[(A)](i) and F.R.C.P. Rule 60(b)(2) [and] (6)" (hereinafter "Motion") was referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition. The Motion was filed on August 2, 2004 (docket sheet document # 128). Movant is serving a sentence of 235 months upon his conviction by a jury of distribution of a quantity of cocaine base (Count One), and possession with intent to distribute a quantity of cocaine base (Count Two), in violation of 21 U.S.C. § 841(a)(1). (Judgment in a Criminal Case, # 78, entered August 19, 1999.)

At sentencing, Defendant was held responsible for a total of 206.18 grams of cocaine base, of which 34.81 grams was attributed

1

as offense conduct and 171.37 grams of which was attributed as relevant conduct. The presiding District Judge, the Hon. Joseph R. Goodwin, found Defendant's base offense level to be 34. He also imposed a 2-level enhancement under USSG 3C1.1 for obstruction of justice arising out of Defendant's failure to appear for a previously-scheduled plea hearing. Thus, the Total Offense Level was 36. Defendant's Criminal History Category was determined to be III. Accordingly, the Guideline range was 235-293 months. Defendant was sentenced to 235 months in prison and five years of supervised release.

Following the imposition of sentence, Defendant filed a direct appeal with the United States Court of Appeals for the Fourth Circuit. In that appeal, Defendant argued, based on <u>Jones v. United States</u>, 526 U.S. 227 (1999), that the District Court was barred from considering drug quantities as relevant conduct that had not been specifically charged in the indictment and proved beyond a reasonable doubt at trial. Defendant also contended that Judge Goodwin erred in applying the 2-level obstruction of justice enhancement. The Fourth Circuit affirmed Defendant's convictions and his sentence in their entirety. <u>United States v. Foye</u>, No. 99-4653, 2000 WL 299474 (4th Cir. Mar. 23, 2000), <u>cert. denied</u>, 531 U.S. 863 (2000).

On January 16, 2001, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (# 98).

Defendant's motion again raised the issues of drug quantities considered as relevant conduct and the obstruction of justice enhancement. Defendant filed a Traverse (# 104), in which he raised two additional grounds: (1) that he should not have received a 2-point enhancement in the calculation of his criminal history points for commission of the subject offense within two years of a previous incarceration; and (2) that the 5-year period of supervised release imposed on Defendant was excessive. The undersigned filed Proposed Findings and Recommendations that the Motion be denied, which were adopted by Judge Goodwin by Order entered February 13, 2002 (# # 113 and 114). The Fourth Circuit denied a certificate of appealability and dismissed the appeal. United States v. Foye, No. 02-6378, 2002 WL 1062493 (4th Cir. May 28, 2002).

The court has not ordered the United States to file a response because the instant Motion is without merit. The Motion asserts that the holding in Blakely v. Washington, 124 S. Ct. 2531 (2004), should be applied to his sentence. He notes that neither the relevant conduct nor the obstruction of justice enhancement were submitted to the jury. (Motion, at 3.) He contends that this Court has jurisdiction and authority to re-sentence Defendant, pursuant to 18 U.S.C. § 3582(c)(1)[(A)](i) and Rule 60(b)(2) [and] (6), Fed. R. Civ. Pro. (Id., at 4.)

Title 18, United States Code, Section 3582(c) provides:

3

> **(c) Modification of an imposed term of imprisonment.**
> The court may not modify a term of imprisonment once it has been imposed except that - * * *
>> (1) in any case -
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that -
>>>> (i) extraordinary and compelling reasons warrant such a reduction;
>>>> . . . .

The Director of the Bureau of Prisons has not filed a motion on behalf of Defendant; thus this statutory section does not apply, and Defendant's sentence may not be modified.

Rule 60(b)(2) [and] (6), Fed. R. Civ. Pro., provides as follows:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); . . . (6) any other reason justifying relief from the operation of the judgment. * * *

Defendant has not asserted that there is any "newly discovered evidence" in his case; he relies on <u>Blakely</u> as the basis for his claim to relief.

The Fourth Circuit has directed district courts to "examine

4

the Rule 60(b) motions received in collateral review cases to determine whether such motions are tantamount to successive applications." United States v. Winestock, 340 F.3d 200, 207 (4th Cir.), cert. denied, 540 U.S. 995 (2003). If a Rule 60(b) motion directly attacks the prisoner's conviction or sentence, it will usually constitute a successive application. Id. If the motion seeks a remedy for a perceived defect in the collateral review process, it will usually constitute a proper motion to reconsider. Id. If the motion is the equivalent of a successive application, the district court lacks jurisdiction, and the motion is to be dismissed or transferred to the Fourth Circuit so that it may decide whether to permit the filing of the successive application. Id.

It is plain that Defendant's Motion directly attacks his sentence, and thus is the second time that Defendant has sought collateral relief. Accordingly, the undersigned proposes that Judge Goodwin find that Defendant's Motion is a successive application, and that this Court lacks jurisdiction.

It is apparent that Defendant is attempting to convince this Court to apply Blakely (and the Supreme Court's subsequent decision in Booker v. United States, 125 S. Ct. 738 (2004)) retroactively on collateral review to his sentence, whatever procedural vehicle might apply. However, it appears unlikely that the Supreme Court will rule that Blakely and Booker will apply retroactively.

5

On January 12, 2005, the Supreme Court decided <u>United States v. Booker</u>, and <u>United States v. Fanfan</u>, 125 S. Ct. 738, which reaffirmed the Court's holding in <u>Apprendi</u>, applied the holding in <u>Blakely</u> to the Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. The <u>Booker</u> holding applies "'to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" 125 S. Ct. at 769 (quoting <u>Griffith v. Kentucky</u>, 479 U.S. 314, 328 (1987)). Defendant's case has concluded direct review and is final. Thus <u>Booker</u> does not apply, unless the Supreme Court rules that it is to be applied retroactively to cases on collateral review.

The Circuit Court of Appeals for the Seventh Circuit has ruled that <u>Booker</u> does not apply retroactively to cases on collateral review. <u>McReynolds v. United States</u>, ___ F.3d ___, 2005 WL 237642, No. 04-2520 (7th Cir. Feb. 2, 2005). The Court held:

> Although the Supreme Court did not address the retroactivity question in *Booker*, its decision in *Schriro v. Summerlin*, ___ U.S. ___, 124 S. Ct. 2519, 159 L. Ed.2d 442 (2004), is all but conclusive on the point. *Summerlin* held that *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed.2d 556 (2002) -- which, like *Booker*, applied *Apprendi*'s principles to a particular subject -- is not retroactive on collateral review.
>
> *Ring* held, in reliance on *Apprendi*, that a defendant

6

is entitled to a jury trial on all aggravating factors that may lead to the imposition of capital punishment. In *Summerlin* the Court concluded that *Ring* cannot be treated as a new substantive rule -- which is to say, a rule that "alters the range of conduct or the class of persons that the law punishes." ___ U.S. ___, 124 S. Ct. at 2523. It observed that "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable [in a particular way], requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules." *Ibid.* That is no less true of *Booker* -- or for that matter *Apprendi* itself. We held in *Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002), that *Apprendi* does not apply retroactively on collateral review, because it "is concerned with the identity of the decisionmaker, and the equantum of evidence required for a sentence, rather than with what primary conduct is unlawful." That, too, is equally true of *Booker*. No conduct that was forbidden before *Booker* is permitted today; no maximum available sentence has been reduced.

The remedial portion of *Booker* drives the point home. The Court held that the federal Sentencing Guidelines remain in force as written, although 18 U.S.C. § 3553(b)(1), which makes their application mandatory, no longer governs. District judges must continue to follow their approach *as guidelines*, with appellate review to determine whether that task has been carried out reasonably. No primary conduct has been made lawful, and none of the many factors that affect sentences under the Sentencing Guidelines has been declared invalid. Consequently, *Booker*, like *Apprendi* and *Ring*, must be treated as a procedural decision for purposes of retroactivity analysis.

\* \* \* The Court held in *DeStefano v. Woods*, 392 U.S. 631, and reiterated in *Summerlin*, that the choice between judges and juries as factfinders does not make such a fundamental difference; to the contrary, the Court stated in *Summerlin*, it is not clear which is more accurate. ___ U.S. at ___, 124 S. Ct. at 2525. What is more, *Booker* does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of *Booker* held that decisions about sentencing facts will continue to be made by judges, on the preponderance of the evidence, an approach that

7

comports with the sixth amendment so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a "watershed" change that fundamentally improves the accuracy of the criminal process. *See also Curtis*, 294 F.3d at 843-44.

We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004, came down, is the appropriate dividing line.

2005 WL 237642, *2.

The Second Circuit has now decided <u>Green v. United States</u>, ___ F.3d ___, No. 04-6564, 2005 WL 237204 (2d Cir. Feb. 2, 2005), which held that neither <u>Booker</u> nor <u>Blakely</u> apply retroactively to a collateral challenge. Similarly, the Eleventh Circuit decided, in <u>Varela v. United States</u>, ___ F.3d ___, No. 04-11725, 2005 WL 367095 *4 (11th Cir. Feb. 17, 2005), "that <u>Booker</u>'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to a § 2255 on collateral review."

A similar conclusion was reached in <u>Rucker v. United States</u>, 2005 WL 331336, No. 2:04-cv-00914PGC (D. Utah, Feb. 10, 2005). Stacy Rucker pled guilty to armed bank robbery in July, 2003, with sentencing in October, 2003, before both <u>Blakely</u> and <u>Booker</u>. His offense level was enhanced for property taken from a financial institution, discharge of a firearm, and loss exceeding $10,000,

8

and reduced for acceptance of responsibility. He filed a Motion under 28 U.S.C. § 2255, asserting that <u>Blakely</u> (and <u>Booker</u>) should be applied retroactively to him, and that his sentence was unconstitutional. The District Court held:

> The approach to sentencing required by the *Blakely* and *Booker* decisions is a new rule. Moreover, it is a procedural rule about the allocation of fact-finding power between judge and jury and about proof beyond a reasonable doubt. Such a new procedural rule applies retroactively only where it implicates the fundamental fairness and accuracy of a criminal proceeding. The *Blakely/Booker* rule does not implicate fundamental fairness. Indeed, *Booker* itself requires the courts to continue to "consider" the Guidelines in imposing sentence. Accordingly, the *Blakely/Booker* rule does not apply retroactively to Mr. Rucker (and others whose convictions became final before *Blakely*).

<u>Rucker v. United States</u>, 2005 WL 331336, *1.

Based on <u>McReynolds</u>, <u>Green</u>, <u>Valera</u>, and <u>Rucker</u>, the undersigned proposes that the presiding District Judge find that Defendant's convictions were final prior to both <u>Blakely</u> and <u>Booker</u>, and that those decisions do not apply retroactively to his sentence.

Accordingly, the court proposes that the District Court find that it lacks authority to grant the Motion because it "may not modify a term of imprisonment once it has been imposed," and because this Court lacks jurisdiction to entertain his Rule 60(b) motion.

For the foregoing reasons, it is respectfully **RECOMMENDED** that the District Court deny the Motion (# 128) under 18 U.S.C. § 3582

9

and dismiss the Rule 60(b) claim.  It is further **RECOMMENDED** that Defendant's letter requesting copies of documents relating to Detective Billy Hart of the Metro Drug Unit (# 124) be denied.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(e) of the Federal Rules of Criminal Procedure, Movant shall have three days (mailing) and ten days (filing of objections) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant and to counsel of record.

February 23, 2005
Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge